IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA HARPER, as administrator of the ESTATE of ROBERT EDWARD HENRY HARPER, | ) ) ) ) ) | CIVIL ACTION NO. 2:23-cv-1433 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ALLEGHENY COUNTY, ORLANDO HARPER, in his individual capacity, JOHN/JANE DOE(S) 1, in their individual capacity, and JOHN/JANE DOE(S) 2, in their individual capacity, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED. |
| Defendants. | ) | Electronically filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, SHEILA HARPER, as administrator of the Estate of ROBERT EDWARD HENRY HARPER, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Decedent under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's Decedent's rights under the Fourteenth Amendment of the United States Constitution.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.CA. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5. Plaintiff, Sheila Harper, is the wife of Robert Harper ("Decedent") and the duly appointed administrator of the Estate of Robert Edward Henry Harper. Plaintiff is a resident of Allegheny County, Pennsylvania.

6. Defendant, Allegheny County ("County"), is now, and was, at all times relevant to the Plaintiff's claims, a governmental entity with administrative offices located at 445 Fort Pitt Boulevard, Suite 300, Pittsburgh, Pennsylvania 15219. Defendant County controls and maintains the Allegheny County Jail, a county corrections facility located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219. At all times relevant hereto, Defendant County was acting through its agents, subsidiaries, officers, employees and assigns, purporting to act within the full scope of their agency, office, employment or assignment.

7. Defendant, Orlando Harper ("Harper"), was, at all times relevant to Plaintiff's claims, employed by Defendant County as the Warden of the Allegheny County Jail, purporting to act within the full scope of his authority and office, pursuant to the regulations, customs and usages of the Allegheny County Jail.

8. Defendant, John/Jane Doe(s) 1 ("Does 1"), unknown in name and number, were, at all times relevant to Plaintiff's claims, correctional officers and/or other individuals employed by Defendant County at the Allegheny County Jail.

9. Defendant, John/Jane Doe(s) 2 ("Does 2"), unknown in name and number, were, at all times relevant to Plaintiff's claims, medical professionals employed at the Allegheny County Jail.

## FACTUAL ALLEGATIONS

10. Sometime prior to August 10, 2021, Decedent was diagnosed with diabetes.

11. On or about August 10, 2021, Decedent tested positive COVID-19 while in the care and custody of Defendant County's Allegheny County Jail.

12. At that time, Decedent was housed at Defendant County's Allegheny County Jail as a pre-trial detainee.

13. Upon information and belief, Defendants County, Harper, Doe(s) 1 and/or Doe(s) 2 were informed of Decedent's diabetes diagnosis upon his intake into Allegheny County Jail.

14. As a result of the Decedent's positive COVID-19 test, Defendants Doe(s) 1 and/or Doe(s) 2 separated the Decedent from Allegheny County Jail's general population and placed him into quarantine.

15. Thereafter, Decedent's condition worsened, and he experienced serious symptoms including, but not limited to, an inability to stand and/or move.

16. Despite the clear deterioration of Decedent's health, and the Defendants' actual knowledge of his prior diabetes diagnosis, Decedent was not transferred to a medical facility for observation and/or treatment.

17. Plaintiff believes, and therefore avers, that Defendants Doe(s) 1 and/or Doe(s) 2 did not take steps that were reasonable and necessary in order to treat Decedent's serious medical needs, as described hereinbefore above. Therefore, Defendants Doe(s) 1 and/or Doe(s) 2 were deliberately indifferent to Decedent's serious medical needs, despite knowledge of the same.

18. Furthermore, Defendants Doe(s) 1 and Doe(s) 2 refused to enter Decedent's cell to provide him with any meals for multiple days during the pendency of his illness, despite their actual knowledge of Decedent's diabetes diagnosis.

19. Plaintiff believes, and therefore avers, that the actions of Defendants Doe(s) 1 and and/or Doe(s) in refusing to provide the Decedent with meals for multiple days during his illness contributed to his failing health.

20. Plaintiff also believes, and therefore avers, that Defendants Doe(s) 1 and/or Doe(s) 2 did not take steps that were reasonable and necessary in order to treat Decedent's serious medical needs, as described hereinbefore above. Therefore, Defendants Doe(s) 1 and/or Doe(s) 2 were deliberately indifferent to Decedent's serious medical needs, despite knowledge of the same.

21. On or about August 19, 2021, approximately nine (9) days after Decedent tested positive for COVID-19, Decedent was transported to Allegheny General Hospital for treatment.

22. Decedent died in the hospital as result of complications associated with COVID-19 on or about September 12, 2021.

23. During Decedent's confinement in Allegheny County Jail until his death, Decedent's medical condition progressively worsened due to Defendant County's failure to provide adequate medical care.

24. Despite Defendants County's, Harper's, Doe(s) 1's and/or Doe(s) 2's actual knowledge of Decedent's worsening medical condition, as described hereinbefore above, the Defendants, and each of them, took no legitimate action to treat his medical needs prior to his death.

25. Accordingly, Defendants County, Harper, Doe(s) 1 and/or Doe(s) 2 were deliberately indifferent to Decedent's serious medical needs, despite knowledge of the same.

26. Decedent was unable to access Defendant County's administrative remedy process and/or Defendant County's administrative remedy process was unavailable to him due to Decedent's worsening health, as more fully described hereinbefore above.

27. Plaintiff believes, and therefore avers, that Defendants' aforementioned illegal conduct is part of a policy, practice, or custom of providing inadequate treatment to inmates experiencing COVID-19 symptoms and/or inmates with other serious medical needs.

28. As a result of Defendant County's aforementioned policy, practice, or custom, Decedent experienced a violation of his rights under the Fourteenth Amendment, undue pain, suffering and death.

29. Plaintiff also believes, and therefore avers, that Defendant County failed to properly train its staff in treating inmates experiencing COVID-19 symptoms and/or inmates with other serious medical needs. This practice created an unreasonable risk of serious injury or death to inmates with serious medical needs.

30. Defendant Harper, as the Warden of the Allegheny County Jail and a decisionmaker with final authority, was aware of and/or acquiesced in the aforementioned illegal actions, customs and policies of Defendant County, as described herein, and/or otherwise ratified the illegal conduct of the individual Defendants.

31. As a result of the illegal conduct of the Defendants, and each of them, as described herein, Decedent experienced a violation of his rights under the Fourteenth Amendment, undue pain, suffering and death.

COUNT I:

PLAINTIFF
v.
ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

FAILURE TO PROVIDE ADEQUATE MEDICAL CARE

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth at length herein.

33. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violations of her constitutional rights under color of law.

34. At all times relevant hereto, pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, Decedent had the right to adequate medical care while he was incarcerated.

35. Defendants, and each of them, failed to provide Decedent with adequate medical care, despite actual knowledge of his serious medical conditions, diabetes and COVID-19. Furthermore, Decedent was not provided with any meals for multiple days during the pendency of his illness.

36. As more fully described hereinbefore above, Defendants' failure to provide adequate medical care to Decedent constituted deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment's prohibition against cruel and unusual punishment.

37. The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for Decedent's rights, thereby subjecting the individual Defendants to punitive damages.

38. Defendant County's aforementioned illegal conduct is part of a policy, practice, or custom of failing to provide adequate medical care to inmates with severe medical needs.

39. Defendant Harper, as a decisionmaker with final authority, was aware of and/or acquiesced in the aforementioned illegal actions, customs and policies of Defendant County, as described herein, and/or otherwise ratified the illegal conduct of the individual Defendants.

40. As a result of the illegal conduct of the Defendants, and each of them, Decedent experienced a violation of his rights, undue pain, suffering and death.

41. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants, Plaintiff's Decedent suffered the following injuries and damages:

   a. violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

   b. conscious pain and suffering;

   c. emotional trauma and suffering;

   d. economic damages related to any and all medical and/or other consequential costs; and

   e. death.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

## COUNT II:

### PLAINTIFF v. DEFENDANT COUNTY

### VIOLATION OF PLAINTIFF'S CONSTITIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE EIGTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### FAILURE TO TRAIN

42.     Plaintiff incorporates by reference Paragraph 1 through 41 as though fully set forth at length herein.

43.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant County for violations of Plaintiff's constitutional rights under color of law.

44.     Defendant County acted with reckless indifference when it failed to properly train its staff at Allegheny County Jail in treating inmates experiencing COVID-19 symptoms and/or inmates with other serious medical needs.

45.     These practices created an unreasonable risk of serious injury or death to inmates with serious medical needs.

46.     As a result of the illegal conduct of the Defendants County, Decedent experienced a violation of his rights, undue pain, suffering and death.

47.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant County, Plaintiff's Decedent suffered the following injuries and damages:

  a.    rights under the Eighth Amendment to the United States Constitution and ADA were violated;

  b.    conscious pain and suffering;

  c.    emotional trauma and suffering;

  d.    economic damages related to any and all medical and/or other consequential costs; and

  e.    death.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant County in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF 42 Pa.C.S. § 8301

<u>WRONGFUL DEATH</u>

48. Plaintiff incorporates by reference Paragraph 1 through 47 as though fully set forth at length herein.

49. Plaintiff claims damages for the injuries set forth herein under 42 Pa.C.S. § 8301 against Defendants.

50. As described hereinbefore above, Defendants, and each of them, failed to provide Decedent with adequate medical care, despite actual knowledge of his serious medical condition.

51. The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for Decedent's rights, thereby subjecting the individual Defendants to punitive damages.

52. Defendant County's aforementioned illegal conduct is part of a policy, practice, or custom of failing to provide adequate medical care to inmates with severe medical needs.

53. Defendant Harper, as a decisionmaker with final authority, were aware of and/or acquiesced in the aforementioned illegal actions, customs and policies of Defendant County, as described herein, and/or otherwise ratified the illegal conduct of the individual Defendants.

54. As a result of the illegal conduct of the Defendants, and each of them, Decedent experienced a violation of his rights, undue pain, suffering and death.

55. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants, Plaintiff's Decedent suffered the following injuries and damages:

    a. rights under the Fourteenth Amendment to the United States Constitution were violated;

    b. conscious pain and suffering;

    c. emotional trauma and suffering;

    d. economic damages related to any and all medical and/or other consequential costs; and

    e. death.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                  JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: August 10, 2023