**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHEILA HARPER, | ) | |
| *as administrator of* the ESTATE of ROBERT | ) | |
| EDWARD HENRY HARPER, | ) | Civil Action No. 23-1433 |
| | ) | |
| Plaintiff, | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF Nos. 36 and 42 |
| ALLEGHENY COUNTY; ORLANDO | ) | |
| HARPER *in his individual capacity*; | ) | |
| JOHN/JANE DOE(S) 1 *in their individual* | ) | |
| *capacity*; JOHN/ JANE DOE(S) 2 *in their* | ) | |
| *individual capacity*, LAURA WILLIAMS, *in* | ) | |
| *her individual capacity*, and DONALD | ) | |
| STECHSCHULTE, JR,. | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Presently before the Court is a Motion to Dismiss the Second Amended Complaint for Failure to State a Claim filed on behalf of Allegheny County and Allegheny County Jail Warden Orlando Harper ("Warden Harper"), ECF No. 36, and a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendant Donald Stechschulte, Jr., ECF No. 42.

For the following reasons, it is respectfully recommended that the Court grant the Motion to Dismiss, ECF No. 36, as to all claims against Allegheny County and Warden Harper, but deny the Motion to Dismiss as to Plaintiff's claims against the remaining County Defendants. It is further recommended that the Court deny the Motion to Dismiss, ECF No. 42, filed on behalf of Dr. Stechschulte.

1

II.    **REPORT**

    A.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Sheila Harper ("Plaintiff") brings this counseled civil rights action in her capacity as administrator of the estate of her husband, Robert Edward Henry Harper ("Decedent").[1] ECF No. 1. In her initial Complaint, Plaintiff brought claims pursuant to 42 U.S.C § 1983 against Allegheny County, Warden Harper, and Jane and John Does (the "County Defendants") for the violation of Decedent's Fourteenth Amendment rights related to the failure to provide adequate medical care (Count I). She also alleged an Eighth Amendment claim against Allegheny County and Warden Harper for failure to train (Count II), and a claim wrongful death (Count III). Id.

Plaintiff's claims arise out of her husband's death on September 12, 2021, while he was in the custody of the Allegheny County Jail ("ACJ") as a pretrial detainee. Plaintiff alleges that his death resulted from Defendants' refusal to treat his comorbidities of diabetes and COVID-19 for nine days, leading to symptoms of difficulty breathing, weakness, and an inability to stand or walk. On August 21, 2021, Defendants transferred Plaintiff to Allegheny General Hospital, where he died three weeks later.

On December 8, 2023, Plaintiff filed an Amended Complaint to add a survival claim under Pennsylvania law. ECF No. 11. Allegheny County and Warden Harper responded to the Amended Complaint with a Motion to Dismiss for Failure to State a Claim. ECF No. 12. The Court granted the Motion to Dismiss as to Plaintiff's claims against Warden Harper because Plaintiff failed to allege nonconclusory facts that would establish Warder Harper's deliberate indifference to Decedent's need for medical treatment or facts that connected Warden Harper to any alleged policy or practice that caused Decedent harm. ECF Nos. 26 at 4-8, 27. The Court also granted the Motion

---

[1] Plaintiff, Decedent, and Warden Harper share a common surname. To avoid confusion, the Court refers to Mrs. Harper as Plaintiff and to Mr. Harper as the Decedent.

to Dismiss Plaintiff's <u>Monell</u> and failure to train claims against Allegheny County because Plaintiff failed to identify any policy, custom, or practice, or training program that the County implemented or failed to implement that led to the Decedent's injury. <u>Id.</u> at 11-14. Because the Court granted leave to file an amended complaint to cure the identified pleading deficiencies, the Court denied the Motion to Dismiss Plaintiff's claims against Warden Harper on qualified immunity grounds. Further, at the time of Decedent's incarceration, clearly established law imposed liability on non-medical prison officials who fail to act when they have a reason to believe that medical personnel were mistreating or not treating a detainee's serious medical needs. <u>Id.</u> at 10. Finally, the Court concluded that the law did not bar Plaintiff's claim for wrongful death as redress for the violation of Decedent's rights and so denied the Motion to Dismiss as to Plaintiff's final claim. ECF No. 27.

Plaintiff timely filed her Second Amended Complaint on October 2, 2024. In the Second Amended Complaint, Plaintiff reasserts her claims against Allegheny County and Warden Harper except for her failure to train claim. ECF No. 28. Plaintiff adds Defendants Laura Williams, ACJ's Chief Deputy Warden of Healthcare Services, and Dr. Donald Stechschulte, Jr., ACJ's Medical Director, and asserts Fourteenth Amendment claims against both related to the denial of medical care. She also continues her claims against unidentified John/Jane Doe corrections officers and medical professionals employed at ACJ. ECF No. 28.

Plaintiff alleges that pursuant to administrative reporting procedures, Defendants Williams and Dr. Stechschulte were informed of Decedent's diabetes diagnosis when he was admitted to ACJ. Through these same procedures, Williams, Dr. Stechschulte, and Warden Harper, "were informed of Decedent's diagnosis of COVID-19." <u>Id.</u> ¶¶ 15-16.

Because of his COVID-19 diagnosis, Decedent was placed in quarantine. Over the following days, his condition worsened, and he became increasingly and observably ill. <u>Id.</u> ¶ 18.

Dr. Stechschulte observed his symptoms, and "[d]espite the clear deterioration of Decedent's health, and the Defendants' actual knowledge of his prior diabetes diagnosis," Dr. Stechschulte did not provide Decedent with medical care or transfer him to a medical facility for treatment of his severe COVID-19 symptoms. Id. ¶¶ 21-23. "[F]or multiple days," Defendant Does refused to enter Decedent's cell to provide him meals, which led to extreme illness. Id. ¶¶ 24-26. Plaintiff further alleges that all Defendants, including Warden Harper and the County, were aware of Decedent's condition and symptoms, including an inability to stand or move, pain, and trouble breathing. Seven days after his initial COVID-19 diagnosis, Dr. Stechschulte recommended that Decedent be transferred for outside medical care because of acute respiratory failure. Id. ¶¶ 28-29. Decedent died at the hospital on August 12, 2021of complications associated with COVID-19.

Based on these allegations, Plaintiff asserts a Fourteenth Amendment claim against all Defendants for deliberate indifference to Decedent's serious medical needs, and for the denial of meals during his illness (Count I). Id. at 7-8. Plaintiff alleges that Allegheny County violated Decedent's Fourteenth Amendment rights as "part of a policy, practice, or custom of failing to provide adequate medical care to inmates with severe medical needs," and that Defendants Harper, Williams, and Dr. Stechschulte, were aware of and acquiesced to the conduct, customs, and policies. Id. Plaintiff also presents claims for wrongful death (Count II) and survival (Count III) against all Defendants for damages suffered by Plaintiff and the Decedent because of Defendants' actions.

In response to the Second Amended Complaint, the County Defendants renew their Motion to Dismiss on behalf of the County and Warden Harper and argue that Plaintiff fails to state any claim upon which relief may granted. ECF No. 36. Dr. Stechschulte also seeks dismissal of Plaintiff's claims against him for failure to state a claim upon which relief may be granted, and

raises as bars to relief the applicable statute of limitations, Pennsylvania's Certificate of Merit requirement, Pa. R. Civ. P. 1042.3, and the federal Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d(a)(1). ECF Nos. 42 and 43. Plaintiff has responded to each Motion to Dismiss. ECF Nos. 41 and 47.

The Motions to Dismiss are ripe for consideration.

**B.    STANDARD OF REVIEW**

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct…." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under

Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim]."). Id. at 233, 234.

### C.    DISCUSSION

#### 1.  County Defendants' Motion to Dismiss – ECF No. 36

##### a.  Warden Harper

The County Defendants contend that Plaintiff fails to correct the pleading deficiencies previously identified by the Court. First, Plaintiff fails to allege any facts to support a plausible inference that Warden Harper knew of Decedent's debilitating medical condition and that he was not receiving medical treatment. ECF No. 37 at 4-9. Second, Plaintiff fails to set forth sufficient facts to state a claim against Warden Harper for supervisory liability. Id. at 9-11. Therefore, the County Defendants argue that all claims against him should be dismissed.

Plaintiff responds that her claims are adequately stated because she now alleges that Warden Harper "was aware that Decedent was extremely ill and experiencing serious symptoms but took no legitimate action to treat his medical needs during the pendency of his illness." ECF No. 41 at 2 (citing ECF No. 28 ¶¶ 16, 23, 26, and 27).

Upon review, the Court agrees that Plaintiff's claims against Warden Harper should be dismissed with prejudice for failure to state a claim. Warden Harper is mentioned only in conclusory fashion in paragraphs 16 and 27, and neither paragraph sets forth a factual basis for

Warden Harper to have been aware of the severity of Decedent's illness or the alleged lack of treatment or meals, such as the receipt of reports, a conversation with Decedent or ACJ staff, or personal observation. See Thomas v. City of Harrisburg, 88 F.4th 275, 281 (3d Cir. 2023) (deliberate indifference to arrestee's medical condition can be found based on allegations of awareness of facts of a substantial risk of harm). Lacking factual support for Plaintiff's claim, her bare allegation that Warden Harper "was aware" of Decedent's condition but took no action is speculative at best and does not state a claim under the Fourteenth Amendment. See, e.g., Buoniconti v. City of Philadelphia, No. 15-3787, 2016 WL 7235727, at *4 (E.D. Pa. Dec. 13, 2016) (deliberate indifference not alleged where plaintiff failed to plead any facts indicating that warden had knowledge or reason to know of plaintiff's injuries and severity before reported to him by cellmate).

Plaintiff's claim against Warden Harper for supervisory liability also fails. Supervisory liability may exist for unconstitutional acts undertaken by Warden Harper's subordinates if he: (1) with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused the constitutional harm; or (2) as the person in charge, had knowledge of and acquiesced in a subordinate's unconstitutional conduct. See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). The Second Amended Complaint fails to identify an existing policy or custom that caused a constitutional violation or set forth facts that support a plausible claim that Warden Harper had knowledge of and acquiesced to a constitutional violation resulting from an allegedly deficient policy or custom. See e.g., Barkes v. First Corr. Med., Inc., 766 F.3d 307, 319-20 (3d Cir. 2014), rev'd on other grounds sub nom., Taylor v. Barkes, 575 U.S. 822 (2015) (deliberate indifference to inadequate medical care requires

indifference to *known* deficiencies in a policy or procedure to impute the required culpable mental state). Thus, it is recommended that the claims against Warden Harper be dismissed with prejudice.

### b. Qualified Immunity

The County Defendants argue that the doctrine of qualified immunity bars Plaintiff's claims against Warden Harper. Because it is recommended that Plaintiff's claims against Warden Harper be dismissed with prejudice, the Court need not address this alternative basis for dismissal.

### c. Allegheny County - <u>Monell</u>

The County Defendants argue that Plaintiff failed to correct pleading deficiencies as to her claims against Allegheny County for allegedly maintaining a policy or practice of failing to provide adequate medical care to individuals suffering COVID-19. Thus, they contend all claims against the County should be dismissed. ECF No. 37 at 13-16.

Plaintiff responds that a <u>Monell</u> claim is stated against Allegheny County because she alleges that "Defendants' illegal conduct is part of a policy, practice, or custom of providing inadequate treatment to inmates experiencing Covid-19 symptoms and/or inmate with other serious medical needs." ECF No. 41 at 8. However, as the Court determined in relation to the Amended Complaint, the facts alleged do not state a claim for relief.

In <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978), the United States Supreme Court held that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government as an entity is responsible. <u>Id.</u> at 694. But "[n]ot all state action rises to the level of a custom or policy. A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 584 (3d Cir.

2003) (quoting <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1212 (3d Cir. 1996), in turn quoting <u>Pembaur v.</u>

<u>City of Cincinnati</u>, 475 U.S. 469, 481 (1986) (plurality opinion)). A custom is an act "that has not

been formally approved by an appropriate decisionmaker," but that is "so widespread as to have

the force of law." <u>Id.</u> (quoting <u>Bd. of County Comm'rs of Bryan Cnty., Oklahoma v. Brown</u>, 520

U.S. 397, 404 (1997)).

> There are three situations where acts of a government employee may be deemed to
> be the result of a policy or custom of the governmental entity for whom the
> employee works, thereby rendering the entity liable under § 1983. The first is where
> "the appropriate officer or entity promulgates a generally applicable statement of
> policy and the subsequent act complained of is simply an implementation of that
> policy." <u>Bryan County</u>, 520 U.S. at 417, 117 S.Ct. 1382 (Souter, J., dissenting). The
> second occurs where "no rule has been announced as policy but federal law has
> been violated by an act of the policymaker itself." <u>Id.</u> Finally, a policy or custom
> may also exist where "the policymaker has failed to act affirmatively at all, [though]
> the need to take some action to control the agents of the government 'is so obvious,
> and the inadequacy of existing practice so likely to result in the violation of
> constitutional rights, that the policymaker can reasonably be said to have been
> deliberately indifferent to the need.'" <u>Id.</u> at 417–18, 117 S.Ct. 1382 (quoting <u>City</u>
> <u>of Canton, Ohio v. Harris</u>, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412
> (1989)); <u>see also</u> <u>Berg</u>, 219 F.3d at 276 (holding that plaintiff must "demonstrat[e]
> that the municipal action was taken with 'deliberate indifference' to its known or
> obvious consequences").

<u>Natale</u>, 318 F.3d at 584.

In this case, the Court found that the vague allegations in the Amended Complaint did not

state a <u>Monell</u> claim against Allegheny County. ECF No. 26 at 11-12 (citing <u>McTernan v. City of</u>

<u>York</u>, 564 F.3d 636, 658 (3d Cir. 2009); <u>see also</u> <u>McCloskey v. Welch</u>, 803 F. App'x 578, 583 (3d

Cir. 2020) ("'vague assertions' that the medical provider had a policy of providing inadequate

medical care, without more, are inadequate to state a claim for relief under <u>Monell</u>.").

The Second Amended Complaint fails to correct this pleading deficiency. Plaintiff's

allegations do not identify a policy that the County or a decisionmaker with final authority

implemented or failed to implement that led to the Decedent's injury, nor does she allege facts to

establish a custom so widespread "as to have the force of law." She also fails to provide a factual basis to support any alleged inadequacy of an existing practice. And, finally, she fails to allege facts to support an inference that the County or final decisionmaker knew any alleged policy or practice resulted in an unreasonable risk that Decedent's constitutional rights would be violated such that a plausible claim of deliberate indifference against the County is stated.

Because Plaintiff has failed to state a claim against Allegheny County for failing to provide medical care to the Decedent, it is recommended that the Court dismiss Plaintiff's claims against it with prejudice.

### d.  Failure to Train

The County Defendants move to dismiss Plaintiff's claim for failure to train because Plaintiff has not alleged any facts sufficient to establish her claim. ECF No. 37 at 16-18. Plaintiff does not plead a failure to train claim in her Second Amended Complaint and thus appears to have abandoned this claim. Therefore, the Court does not address the County Defendants' arguments for dismissal.

### e.  Wrongful Death

The County Defendants purport to "reassert" an objection not previously lodged to the Court's conclusion that Plaintiff's claim under Pennsylvania's Wrongful Death Act, 42 Pa. Cons. Stat. § 8301, may proceed. ECF No. 37 at 18. The County Defendants state that "they will not reargue that issue now." Id. Based on the County Defendants' representation that they are not rearguing the issue, the Court does not address this issue.[2]

---

[2] In the Report and Recommendation related to the County Defendants' Motion to Dismiss the Amended Complaint, the Court plainly stated that "[i]n accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections…. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187m 193 n.7 (3d Cir. 2011)." ECF No. 26 at 17. Therefore, any review of the District Court's order denying the County Defendants' motion to dismiss is for plain error. Id.

### 2.    Dr. Stechschulte's Motion to Dismiss – ECF No. 42

In the Second Amended Complaint, Plaintiff names Dr. Stechschulte as a Defendant. During Decedent's incarceration, Dr. Stechschulte served as ACJ's Medical Director. ECF No. 28 ¶ 10. Plaintiff alleges that Dr. Stechschulte was informed of Decedent's diabetes diagnosis on admission to ACJ and of his subsequent diagnosis of COVID-19. Id. ¶¶ 15-16. Plaintiff alleges that Dr. Stechschulte observed Decedent suffer serious symptoms including an inability to stand or move, pain, and trouble breathing, but he failed to provide any medical care despite his actual knowledge of Decedent's serious medical needs. Id. ¶¶ 19-22. Seven days after Decedent's diagnosis, Dr. Stechschulte recommended Decedent's transfer to Allegheny General Hospital for acute respiratory failure and COVID-19 Pneumonia. Id. ¶¶ 28-29.

Based on her allegations, Plaintiff brings claims against Dr. Stechschulte for deliberate indifference to Decedent's serious medical needs in violation of Decedent's Fourteenth Amendment rights, as well as claims for punitive damages, wrongful death, and survival. Id. ¶¶ 43 – 46, 49-56, 57-66,

Dr. Stechschulte presents the pending Motion to Dismiss in response to the Second Amended Complaint and asserts four grounds in support: (1) Plaintiff's claims are time-barred by the applicable statutes of limitations; (2) failure to state a claim upon which relief may be granted; (3) failure to file a Certificate of Merit; and (4) immunity under the federal PREP Act. ECF No. 42, 43. The Court addresses each argument in order.

### a.    Statute of Limitations

The running of a statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). The Court may grant a motion to dismiss on statute of limitations grounds "only when the statute of

limitations defense is apparent on the face of the complaint." <u>Wisniewski v. Fisher</u>, 857 F.3d 152, 157 (3d Cir. 2017).

Plaintiff's Fourteenth Amendment claims are asserted pursuant to 42 U.S.C. § 1983. Section 1983 borrows its statute of limitations from the personal injury tort law of the state where the cause of action arose, here Pennsylvania. <u>Nguyen v. Pennsylvania</u>, 906 F.3d 271, 273 (3d Cir. 2018). Under Pennsylvania law, the statute of limitations for personal injury torts is two years. 42 Pa. C.S. § 5524. Plaintiff's wrongful death and survival claims are also subject to Section 5524 and thus the statute of limitations is two years and accrues from the date of Decedent's death, September 12, 2021. 42 Pa. C.S. § 5524(2); <u>Kach v. Hose</u>, 589 F.3d 626, 634–35 (3d Cir. 2009) ("Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'").

Plaintiff's initial Complaint was filed on August 10, 2023, and did not name Dr. Stechschulte. That said, the Complaint identified Defendants "John/Jane Does 2" as "medical professionals employed at the Allegheny County Jail." ECF No. 1 ¶ 9. Plaintiff alleged that during the period August 10, 2021, through August 19, 2021, these Defendants failed to treat Decedent's serious medical needs based on severe symptoms presented by known comorbidities of diabetes and COVID-19 and refused to provide him with meals for several days. <u>Id.</u> ¶¶ 13-21. Plaintiff filed the Second Amended Complaint on October 2, 2024, and identified Dr. Stechschulte as ACJ's Medical Director and one of the individuals who committed the acts referenced in the initial Complaint. ECF No. 28. Because the Second Amended Complaint was filed more than two years after all claims accrued, Plaintiff's claims against Dr. Stechschulte are time-barred unless the amendments identifying Dr. Stechschulte relate back to the date of the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c).

"[A]mendments replacing 'John Doe' with a party's real name are permissible as long as the elements of Rule 15(c) of the Federal Rules of Civil Procedure are met." Crock v. Univ. of Pittsburgh, No. CIV.A. 14-1180, 2015 WL 5173057, at *5 (W.D. Pa. Sept. 3, 2015) (citing Trautman v. Lagalski, 28 F. Supp. 2d 327, 330 (W.D. Pa.1998)). "The effect of the relation-back rule is that it 'ameliorates the effect of statutes of limitations.'" Id. (quoting Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995)).

Under Rule 15(c), an amendment to a pleading relates back to the date of the original complaint when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

There is no dispute that the claims against Dr. Stechschulte arise out of the same occurrence as the original pleading and that Plaintiff is changing the name of the John Doe party against whom her claims were originally asserted. However, Dr. Stechschulte argues that Rule 15(c) does not aid Plaintiff because he did not receive notice of the action and did not know that the action would have been brought against him. ECF No. 43 at 8-9.

Contrary to Dr. Stechschulte's narrow interpretation of Rule 15(c), the Third Circuit has recognized that notice may be imputed based on an "identity of interest" method. Singletary v. Pennsylvania Dept. of Corr., 266 F.3d 186, 195 (3d Cir. 2001). This method is satisfied when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id. at 196-97. In Singletary, the inference that notice was received by a prison psychologist could not be drawn. There, the original pleading named "Unknown Corrections Officers," and sought to substitute a prison psychologist who was a "staff level employee … with no administrative or supervisory duties" at the prison. Id. at 199. "Absent other circumstances that permit the inference that notice was actually received, … a non-management employee … does not share a sufficient nexus of interests with his or her employer" to impute notice for Rule 15(c)(3) purposes. Id. at 200.

The inference that Dr. Stechschulte received notice is readily drawn given his position as ACJ's Medical Director and the gravamen of Plaintiff's original Complaint related to the failure of ACJ's Doe "medical professionals" to treat Plaintiff at a time that they knew he was suffering obvious signs of serious illness. See ECF No. 1 ¶ 24 ("Despite Defendants County's, Harper's, Doe(s) 1's and/or Doe(s) 2's actual knowledge of Decedent's worsening medical condition, as described hereinbefore above, the Defendants, and each of them, took no legitimate action to treat his medical needs prior to his death."). Thus, as initially alleged, Dr. Stechschulte participated in the failure to treat Decedent's obvious serious medical needs. Further, as to notice, given his supervisory role as Medical Director, it is inconceivable that he was unaware of the litigation at the time of filing given the nature of the claims asserted. Under these circumstances, the identity of interest method imputes notices of the lawsuit to Dr. Stechschulte such that the requirements of Rule 15(c) are met. See Robinson v. Adams, No. 09–3587, 2010 WL 3069647, at *3 (E.D. Pa.

Aug. 4, 2010) (prison supervisor had notice of lawsuit under identity of interests method given his close working relationship with named employees and involvement with them in the events that gave rise to the litigation);  Ward v. Taylor, 250 F.R.D. 165, 169 (D. Del. 2008) (proposed defendant had sufficient notice under the "identity of interest" theory because he held a supervisory position along with the originally named defendants and thus had sufficiently similar interests).

For these reasons, it is recommended that the Court deny Dr. Stechschulte's Motion to Dismiss on statute of limitations grounds without prejudice to revisit this issue at the summary judgment stage.

### b.    Failure to State a Claim

Dr. Stechschulte argues that Plaintiff fails to allege any facts to state a Fourteenth Amendment claim against him for deliberate indifference to Decedent's serious medical needs, or to support her claims for wrongful death and survival. ECF No. 43 at 9-13.

As a pretrial detainee, Plaintiff's claims related to the denial of adequate medical treatment fall under the Due Process Clause of the Fourteenth Amendment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983) (quoting Ingraham v. Wright, 430 U.S. 651, 671–72 n. 40 (1977)). "Because the Fourteenth Amendment affords pretrial detainees protections at least as great as those available to inmates under the Eighth Amendment [the Court will review Plaintiff's] claims for failure to render medical care under the Fourteenth Amendment by applying the same standard used to evaluate claims brought under the Eighth Amendment." Thomas v. City of Harrisburg, 88 F.4th 275, 281 n.23 (3d Cir. 2023).

Under the Eighth Amendment, a plaintiff must allege: (1) a serious medical need; and (2) behavior by prison officials constituting deliberate indifference to that need. Id. at 281 (citing Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581–82 (3d Cir. 2003); Rouse v. Plantier,

15

182 F.3d 192, 197 (3d Cir. 1999)). The standard generally is satisfied by, among other things, an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990).

Plaintiff alleges that Dr. Stechschulte was informed of Decedent's diagnoses of diabetes and COVID-19 and observed his worsening condition and symptoms, including an inability to stand or move, pain, and trouble breathing. ECF No. 29 ¶¶ 15-16, 18-20, 27. Plaintiff also alleges that despite Dr. Stechschulte's actual knowledge of Decedent's serious medical needs, he failed to "take steps" to treat Decedent. <u>Id.</u> 23, 26. These allegations state a claim of deliberate indifference at this early stage of the litigation. Accordingly, it is recommended that the Court deny the Motion to Dismiss for failure to state a claim up which relief may be granted.

### c.    Certificate of Merit

Dr. Stechschulte moves to dismiss Plaintiff's wrongful death and survival claims because she failed to file a Certificate of Merit ("COM") pursuant to Pennsylvania Rule of Civil Procedure 1042.3.

Under Rule 1042.3(a), a plaintiff alleging that a licensed professional has "deviated from an acceptable professional standard" must submit a COM within sixty days of filing a complaint. If a plaintiff's cause of action sounds in professional (i.e., medical) negligence or malpractice, the certificate must attest that either (1) a licensed professional has submitted a written statement that the conduct in the complaint fell outside of professional standards and caused the plaintiff's harm; (2) the defendant is liable under a *respondeat superior* theory of liability; or (3) that expert

testimony is unnecessary to prosecute the claim. Pa. R. Civ. P. 1042.3; Manuel v. Wiles, No. 20-1759, 2023 WL 9499970, at *12 (W.D. Pa. Dec. 20, 2023), *report and recommendation adopted sub nom*. Manuel v. Capozza, No. 2:20-1759, 2024 WL 382659 (W.D. Pa. Feb. 1, 2024). The failure to file a COM requires dismissal of professional negligence claims. Young v. Halligan, 789 F. App'x 928, 931 (3d Cir. 2019).

However, the Certificate of Merit requirement does not apply to claims based on intentional torts or ordinary negligence where the state law professional standard of care is not at issue. Thus, a COM is not required to pursue wrongful death and survival claims arising out of an alleged constitutional violation for deliberate indifference to serious medical needs. Ferencz v. Medlock, 905 F. Supp. 2d 656, 673 (W.D. Pa. 2012); see also Talbert v. Corr. Dental Assoc's., No. 18-5112, 2019 WL 5866890, at *2 (E.D. Pa. Nov. 8, 2019) (COM not required for deliberate indifference claim).

Plaintiff's wrongful death and survival claims are based not on professional negligence but on Dr. Stechschulte's alleged deliberate indifference to Decedent's obvious serious medical needs. ECF No. 47 at 10-11. Because consideration of Plaintiff's constitutional claim for deliberate indifference is not measured by the standard of care owed under Pennsylvania's negligence law, a COM is not required.

### d.    PREP Act Immunity

Dr. Stechschulte's final argument for dismissal is based on the misapplication of the PREP Act, 42 U.S.C. § 247d-6d(a)(1).

> The PREP Act, which was passed by Congress in 2005, authorizes the Secretary of the Department of Health and Human Services to issue a declaration determining "that a disease or other health condition or other threat to health constitutes a public health emergency ...." See 42 U.S.C. § 247d-6d(b)(1) (2005). If the Secretary issues such a declaration, the PREP Act immunizes "a covered person" from "suit and liability under Federal and State law with respect to all claims for loss caused by,

arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure .... " See id. § 247d-6d(a)(1). A covered person includes a qualified person who prescribed, administered, or dispensed such countermeasure. See id. § 247d-6d(i)(2)(B).

If immunity applies, an injured person may be compensated "for covered injuries directly caused by the administration or use of a covered countermeasure" from the "Covered Countermeasure Process Fund" See 42 U.S.C. § 247d-6e(a). However, "[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary" in administering the Process Fund. See id. § 247d-6e(b)(5)(C). In addition, any compensation through the Process Fund "shall be exclusive of any other civil action or proceeding for any claim or suit this section encompasses[.]" See id. § 247d-6e(d)(4). The sole exception is "an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct, see id. § 247d-6d(d)(1), in which case such an action "shall be filed and maintained only in the United States District Court for the District of Columbia[,]" see id. § 247d-6d(e)(1).

Perez v. Ransome, No. 1:22-01087, 2024 WL 198908, at *6 (M.D. Pa. Jan. 18, 2024).

The term "covered countermeasure" includes "any antiviral, any other drug, any biologic, any diagnostic, [or] any other device ... used to treat, diagnose, cure, prevent, or mitigate COVID-19," and does not encompass "social distancing, quarantining, [or] lockdowns." Beaty v. Delaware Cnty., No. 21-1617, 2023 WL 5423020, at *1 (E.D. Pa. Aug. 10, 2023) (citing 85 Fed. Reg. 15202; Est. of Maglioli v. Andover Subacute Rehab. Ctr. I, 478 F. Supp. 3d 518, 533 (D.N.J. 2020)).

"Generally, a defendant's failure to take countermeasures does not fall within the scope of the Act's protection—unless the failure is "paired closely with an act of administration [of a countermeasure] to another." Beaty, 2023 WL 5423020, at *1 (quoting Goldblatt v. HCP Praises Vill. KS OPCO LLC, 516 F. Supp. 3d 1251, 1262 (D. Kan. 2021); and citing Lyons v. Cucumber Holdings, LLC, 520 F. Supp. 3d 1277, 1285-86 (C.D. Cal. 2021) ("[P]ursuant to the HHS Secretary's December 3, 2020 Amendment, there is only immunity for 'inaction claims' when the failure to administer a covered countermeasure to one individual has 'a close causal relationship' to the administration of that covered countermeasure to another individual.")). PREP Act

immunity thus extends to a defendant's inaction only when the inaction resulted from the "[p]rioritization" or "purposeful allocation" of "limited Covered Countermeasures." Id. (quoting 85 Fed. Reg. at 79,197).

Plaintiff attributes Decedent's constitutional violation and death to Dr. Stechschulte's inaction, unrelated to the administration of any countermeasure. Thus, immunity under the PREP Act does not apply and dismissal on this basis is unwarranted.

### D.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss the Second Amended Complaint filed on behalf of the County Defendants, ECF No. 36, be granted as to Plaintiff's claims against Warden Harper and Allegheny County but denied as to Plaintiff's claims against all remaining County Defendants.

It is further recommended that the Court deny the Motion to Dismiss, ECF No. 42, filed on behalf of Dr. Stechschulte.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Dated: April 1, 2025                     Respectfully submitted,

                                         MAUREEN P. KELLY
                                         UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Cathy Bissoon
        United States District Judge

        All counsel of record by Notice of Electronic Filing